UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**JOSHUA G. STEGEMANN,**

                               **Plaintiff,**

  vs.                                                    9:21-CV-00949
                                                               (MAD/ML)

**UNITED STATES OF AMERICA**
**and PAMELA C. PEDERSON,**

                               **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**JOSHUA G. STEGEMANN**
20552-052
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, New York 12977
Plaintiff, *Pro Se*

**OFFICE OF THE UNITED STATES**        **EMER M. STACK, AUSA**
**ATTORNEY - SYRACUSE**
100 South Clinton Street, Suite 900
Syracuse, New York 13261
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On August 23, 2021, *pro se* Plaintiff Joshua G. Stegemann commenced this action against Defendants United States of America ("Defendant United States") and Pamela C. Pederson ("Defendant Pederson") asserting negligence and medical malpractice claims under the Federal Tort Claims Act ("FTCA") and deliberate indifference claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *See* Dkt. No. 1. After an initial review of Plaintiff's complaint was conducted by this Court pursuant to 28 U.S.C. § 1915A,

Plaintiff filed an amended complaint asserting the following three claims: (1) a claim of negligence under the FTCA against Defendant United States regarding Plaintiff's contraction of COVID-19 at Federal Correctional Institute Ray Brook ("FCI Ray Brook") in December 2020; (2) a claim of medical malpractice under the FTCA against Defendant United States regarding Plaintiff's alleged delayed treatment for kidney disease; and (3) a claim of deliberate indifference to a serious medical condition against Defendant Pederson pursuant to *Bivens* and the Eighth Amendment. *See* Dkt. No. 9.

On June 27, 2022, Defendants moved to dismiss the amended complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment. *See* Dkt. No. 37. Plaintiff opposed the motion, *see* Dkt. No. 42, and moved to supplement the amended complaint, *see* Dkt. No. 43. On February 9, 2023, Magistrate Judge Lovric issued an Order and Report-Recommendation (the "February 9 Report-Recommendation") denying Plaintiff's motion to supplement the amended complaint and recommending that (1) Defendants' motion to dismiss and for summary judgment be granted in part and denied in part; and (2) Plaintiff's amended complaint be dismissed to the extent that it asserts a *Bivens* claim against Defendant Pederson in her individual and official capacities, and survive to the extent that it asserts FTCA claims for negligence and medical malpractice against Defendant United States. *See* Dkt. No. 51. Defendants have submitted objections to the February 9 Report-Recommendation. *See* Dkt. No. 52.

Currently before the Court is Defendants' motion to dismiss and for summary judgment and the February 9 Report-Recommendation. For the reasons set forth below, the Court declines to fully adopt the February 9 Report-Recommendation.

## II. BACKGROUND

For a complete recitation of the relevant background, the parties are referred to the February 9 Report-Recommendation. *See* Dkt. No. 51 at 2.

### III. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398

3

(2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)); *see also Sutton ex rel. Rose v. Wachovia Secs., LLC*, 208 Fed. Appx. 27, 29-30 (2d Cir. 2006) (noting that, on a motion to dismiss, a court may take judicial notice of documents filed in another court).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed," *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has directed that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Thus,

4

a "document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

B.     **Defendants' Objections**

Defendants make three objections to the February 9 Report-Recommendation. *See* Dkt. No. 52. First, Defendants argue that Magistrate Judge Lovric erred when he recommended denying Defendants' Rule 12(b)(1) motion to dismiss Plaintiff's negligence claim for lack of subject matter jurisdiction under the discretionary function exception. *See id.* at 4-9. Second, Defendants argue that the Court should reject Magistrate Judge Lovric's conclusion that all three of Plaintiff's administrative tort claims were properly exhausted. *See id.* at 9-12. Finally, Defendants argue that Magistrate Judge Lovric erred when he recommended denying Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's negligence claim for the failure to state a claim. *See id.* at 13-16. Plaintiff opposes all of Defendants' objections. *See* Dkt. No. 54.

C.     **Subject Matter Jurisdiction**

"'Absent an unequivocally expressed statutory waiver, the United States ... [is] immune from suit based on the principle of sovereign immunity.'" *Cangemi v. United States*, 13 F.4th 115, 129 (2d Cir. 2021) (quoting *County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010)). "The FTCA provides for a limited waiver of sovereign immunity for 'injury or loss of property ... caused by the negligent or wrongful act or omission' of a federal government employee 'acting within the scope of his office or employment.'" *Id.* at 129-30 (quoting 28 U.S.C. § 1346(b)(1)). Among the exceptions to this waiver is the "'discretionary function exception,' which exempts from the FTCA's grant of jurisdiction '[a]ny claim ... based upon the exercise or performance or

the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Huntress v. United States*, 810 Fed. Appx. 74, 76 (2d Cir. 2020) (quoting 28 U.S.C. § 2680(a)). Claims that fall within the discretionary function exception must be dismissed "for lack of subject matter jurisdiction." *Id.* (citing *Fazi v. United States*, 935 F.2d 535, 539 (2d Cir. 1991)).

"[T]he discretionary function exception bars a claim where '(1) the acts alleged to be negligent [or wrongful] ... [are] discretionary, in that they involve an element of judgment or choice and are not compelled by statute or regulation and (2) the judgment or choice in question [is] ... grounded in considerations of public policy or susceptible to policy analysis.'" *Cangemi*, 13 F.4th at 130. "'[T]he purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" *Huntress*, 810 Fed. Appx. at 76 (quoting *United States v. Gaubert*, 499 U.S. 315, 323 (1991)). The plaintiff "bear[s] the initial burden of showing that their claims are not barred by the discretionary function exception." *Cangemi*, 13 F.4th at 130 (citing *Molchatsky v. United States*, 713 F.3d 159, 162 (2d Cir. 2013)). "Plaintiffs can overcome a motion to dismiss premised on the discretionary function exception by showing that either (1) the United States' allegedly tortious act (or failure to act) was inconsistent with a 'specific mandatory directive' – *i.e.*, a 'federal statute, regulation, or policy [that] specifically prescribes a course of action for [the federal government] to follow,' *or* (2) the allegedly tortious 'judgment or choice in question' is not 'grounded in considerations of public policy or susceptible to policy analysis.'" *Id.* (quotations omitted).

Plaintiff met his initial burden of showing that his claim is not barred by the discretionary function exception by arguing that Defendants' actions were inconsistent with (1) a March 14,

6

2020 Federal Bureau of Prisons ("BOP") memorandum (the "March 14 Memo") stating that "[f]ield cites" should continue to screen newly-arriving inmates for COVID-19 and quarantine or isolate them as necessary, Dkt. No. 42-1 at 2-7; and (2) a November 25, 2020 "BOP Modified Operations" memorandum (the "November 25 Memo") setting forth similar testing and quarantine for the intake and transfer of inmates, *see id.* at 8-10.¹ This Court has examined both memoranda and concludes that Magistrate Judge Lovric correctly found that it cannot be established, on the memoranda alone, whether FCI Ray Brook has adopted these policies and if they are, in whole or part, intended to be mandatory for BOP officials.

Contrary to Defendants' contention, the "weight of authority" does not hold that "the discretionary function exception does apply to claims like those raised by Plaintiff in this case." Dkt. No. 52 at 5. In most of the cases cited by Defendants, the plaintiffs never submitted—and the courts accordingly never considered—BOP policy memoranda like the ones submitted here. *See Nichols v. United States*, No. 21-50368, 2022 WL 989467, *2 (5th Cir. Apr. 1, 2022); *Henderson v. United States*, No. 4:22-CV-00206, 2023 WL 2020976, *3 (M.D. Pa. Feb. 15, 2023); *Castro v. United States*, No. 1:21-CV-02162, 2023 WL 1804869, *8 (M.D. Pa. Feb. 7, 2023); *Iverson v. United States*, No. 1:21-CV-1817, 2022 WL 17093941, *3 (M.D. Pa. Nov. 21, 2022); *Murillo v. United States Dep't of Just.*, No. 21-CV-00425, 2022 WL 16745333, *9 (D. Ariz. Nov. 7, 2022); *Santiago v. United States*, No. 7:21-CV-00436, 2022 WL 790805, *2 (W.D.

---

¹ Defendants appear to object to the fact that neither the March 14 Memo nor the November 25 Memo were identified by Plaintiff as the basis of his negligence claim until his response to Defendants' current motion. *See* Dkt. No. 52 at 6-7. However, it is well established in this Circuit that, "'in deciding a motion to dismiss a *pro se* complaint, it is appropriate to consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," including "documents that a pro se litigant attaches to his opposition papers."'" *Davis v. Cnty. of Suffolk*, No. 18-CV-303, 2020 WL 7699919, *4 (E.D.N.Y. Oct. 30, 2020) (quotations omitted), *report and recommendation adopted*, 2020 WL 7041082 (E.D.N.Y. Dec. 1, 2020).

Va. Mar. 14, 2022); *Motton v. Bureau of Prisons*, No. 1:17-CV-453, 2020 WL 8766062, *3 (E.D. Tex. Nov. 12, 2020), *report and recommendation adopted*, 2021 WL 827696 (E.D. Tex. Mar. 3, 2021). In the two cases Defendants rely on that *did* consider similar BOP memoranda, the courts determined that they were unable to conclude, at the motion to dismiss stage, whether the memoranda implemented mandatory or discretionary protocol—just as Magistrate Judge Lovric did here. *See Sanford v. United States*, No. 21-CV-2552, 2022 WL 1210717, *3 (D.S.C. Apr. 25, 2022); *Farmer v. United States*, No. 21-CV-2572, 2022 WL 4180995, *4 (D.S.C. Mar. 24, 2022), *report and recommendation adopted*, 2022 WL 3500363 (D.S.C. Aug. 18, 2022); *but see Hatten v. United States of America*, No. 4:21-CV-02912, Dkt. No. 59 at 16-17 (D.S.C. Jan. 24, 2023) (noting that the BOP's "memorandum and policies contain ambiguity and provide no context for the court to make a determination as to whether the policies are mandatory or just guidance," but concluding that, because it was "Plaintiff's burden to show" that they were mandatory, "his negligence claim based on the BOP's failure to follow its own COVID-19 protocol is barred by the discretionary function exception"), *report and recommendation adopted*, 2023 WL 2495870 (D.S.C. Mar. 14, 2023). Defendants also appear to argue that, because both of these cases were ultimately decided against the plaintiffs after discovery,[2] it is "unnecessary to proceed through discovery to arrive at the same conclusion." Dkt. No. 52 at 9. Defendants are mistaken. The failure of the plaintiffs in those matters to identify additional evidence establishing that the BOP memorandums in their cases were mandatory should not foreclose Plaintiff from having a full and fair opportunity to do so in this case.

**D.   Exhaustion**

The FTCA requires that, before commencing an action against the United States for

---

[2] *See Farmer v. United States*, No. 21-CV-02572, Dkt. No. 108 (D.S.C. Feb. 10, 2023); *Sanford v. United States*, No. 0:21-CV-02552, 2022 WL 17369375, *3 (D.S.C. Dec. 2, 2022).

8

money damages for injury caused "by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," a claimant must first have "presented the claim to the appropriate Federal agency" and had that claim be finally denied by the agency in writing. 28 U.S.C. § 2675(a). "'[T]his requirement is jurisdictional and cannot be waived,' and '[t]he burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements,' including exhaustion." *Manchanda v. Lewis*, No. 21-CV-1088, 2021 WL 5986877, *2 (2d Cir. Dec. 17, 2021) (quotations omitted). Department of Justice regulations provide a claim "may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. [§] 2675(a)." 28 C.F.R. § 14.2(c).

Plaintiff submitted three claim forms in this case. The first claim form, signed on December 29, 2020, alleges that Plaintiff contracted and tested positive for COVID-19 on December 23, 2020 while in the BOP's custody at FCI Ray Brook, as a result of the BOP's policy of "pack[ing] too many prisoners into cramped cellblocks and multiple occupancy cells making social distancing and proper hygiene impossible." Dkt. No. 37-6 at 4 ("Claim One"). The second claim form, signed five months later on May 7, 2021, makes specific reference to Claim One by date and claim number, and alleges that the resulting COVID-19 infection "cause[d] and exacerbate[d]" his kidney failure. Dkt. No. 37-8 at 4 ("Claim Two"). Finally, the third claim form, signed two months after Claim Two on July 6, 2021, alleges that Defendant Pedersen at Federal Correctional Institute Berlin ("FCI Berlin") diagnosed Plaintiff with chronic kidney disease in February 2017, but failed to inform Plaintiff of that diagnosis or take any action to treat it. *See* Dkt. No. 37-10 at 3-5 ("Claim Three"). Claim Three also cites Claim One and Claim Two and notes that Defendant Pedersen's negligence "allowed [him] to suffer through a COVID

infection imposed upon [him] by the [BOP]'s clear negligence ... while unknowingly suffering from the severe [chronic kidney disease] comorbidity, ... resulting in exacerbated and accelerated damage to [his] life-sustaining organs." *Id.* at 5.

The BOP denied Claim One on August 13, 2021. *See* Dkt. No. 37-7 at 2. Plaintiff commenced this action on August 23, 2021. *See* Dkt. No. 1. The BOP subsequently denied Claims Two and Three on January 21, 2022, and February 22, 2022, respectively. *See* Dkt. No. 37-9 at 2; Dkt. No. 37-11 at 2. Accordingly, the Court would not have jurisdiction to hear claims based on Claims Two and Three under 28 U.S.C. § 2675(a), unless they can be treated as amendments to Claim One under 28 C.F.R. § 14.2(c).

After a careful review of the February 9 Report-Recommendation, the parties' arguments, and the limited amount of available law on this issue, the Court concludes that, although Claim Two can be construed as amendment to Claim One within the meaning of 28 C.F.R. § 14.2(c), Claim Three can not. Claim Two directly and repeatedly references Claim One, and appears to have been submitted only for the purpose of setting forth additional injuries resulting from the COVID-19 infection from Claim One. *See* Dkt. No. 37-8 at 3 ("In addition to the things listed in [Claim One], FBOP medical staff has informed me my kidneys are failing"). There are, for example, no additional allegations of medical malpractice in relation to the diagnosis or treatment of Plaintiff's alleged kidney failure in Claim Two. In the Court's view, Claim Two was therefore Plaintiff's "attempt to correct ... information set forth in the original claim" by elaborating on additional injuries suffered as a result of the allegations in Claim One. *Martinez v. United States*, No. 20-CV-7275, 2021 WL 4224955, *13 (S.D.N.Y. Sept. 16, 2021); *see also Rosario-Gonzalez v. United States*, 544 Fed. Appx. 5, 7 (1st Cir. 2013) (determining that a later claim did not constitute an amendment to an earlier claim where the later claim "did not change the substance

of" the earlier claim or affect the BOP's "ability to properly investigate the earlier claim] or to determine whether it should settle [the earlier claim]").

Claim Three, however, is substantively different from Claim One. Claim Three alleges an entirely new claim: that Defendant Pedersen diagnosed (or perhaps negligently failed to diagnose) Plaintiff with chronic kidney disease in February 2017, but failed to inform Plaintiff of that diagnosis or take any action to treat it. *See* Dkt. No. 37-10 at 3, 5. Defendant Pedersen's alleged negligence began over three years and ten months *before* Plaintiff alleges he caught COVID-19 as a result of the BOP's allegedly negligent testing and quarantine practices. Although it is clear that there is some factual overlap between the Claim Three and Claim One—specifically, Plaintiff's belief that the symptoms of his chronic kidney disease were exacerbated nearly four years later by his COVID-19 infection—this eventual factual overlap does not affect the underlying claims, which are otherwise completely independent from each other. In other words, Claim Three does not attempt to correct or add any additional information to Claim One; rather, it asserts a separate claim against personnel from a different facility; the meritoriousness of Claim One can be assessed by the BOP without any reference to the allegations contained in Claim Three.

Accordingly, the Court concludes that Plaintiff failed to properly exhaust his administrative remedies with respect to Claim Three, and the Court lacks jurisdiction over Plaintiff's claim of medical malpractice under the FTCA against Defendant United States for the treatment of Plaintiff's kidney disease.

**E.   Plaintiff's Negligence Claim**

"[I]n an FTCA action, 'courts are bound to apply the law of the state ... where the [tort] occurred.'" *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021) (quotation omitted). "Under New York law, a tort plaintiff seeking to prove a defendant's negligence must show: '(1) the

existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" *Id.* (quoting *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981)).

Defendants argue that Magistrate Judge Lovric erred when he found that the amended complaint adequately alleged causation. *See* Dkt. No. 52 at 13-16. With respect to causation, "'a plaintiff must show that a defendant's negligence was a substantial cause of the events which produced the injury.'" *Duguay v. City of New York*, 861 F. Supp. 2d 236, 249 (S.D.N.Y. 2012) (quoting *Pironti v. Leary*, 42 A.D.3d 487, 489 (2d Dep't 2007)). "Inferences of ... negligence may be drawn from circumstantial evidence." *Red v. Lam Platt St. Hotel, LLC*, No. 19-CV-4992, 2022 WL 1266739, *7 (S.D.N.Y. Apr. 28, 2022). "Under New York law, '[t]o establish a prima facie case of negligence based wholly on circumstantial evidence "it is enough that plaintiff shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred."'" *Id.* (quoting *Schneider v. Kings Highway Hosp. Center, Inc.*, 67 N.Y.2d 743, 744 (1986)). "Thus, ... a plaintiff need not 'adduce the most reasonable explanation for [an] accident' or 'to eliminate all other possible causes' for an accident other than the defendant's negligence." *Id.* (quoting *Williams v. KFC Nat. Mgmt. Co.*, 391 F.3d 411, 420 (2d Cir. 2004)). Rather, a "finding that one's negligence caused an injury may be based on 'the logic of common experience itself[ ] as applied to the circumstances shown by the evidence.'" *Id.* (quoting *Schneider*, 67 N.Y.2d at 745).

After accepting as true all well-pleaded facts in the amended complaint, drawing all reasonable inferences in Plaintiff's favor, and making reasonable allowances to protect Plaintiff—a *pro se* litigant—from inadvertently forfeiting legal rights, the Court concludes that the amended complaint has sufficiently alleged a causal connection between Plaintiff's injury and

the BOP's alleged breach of duty. Here, the amended complaint alleges that Plaintiff was "exposed to COVID" and "infected ... because the []BOP failed to properly test and quarantine the hold-over prisoners" coming to FCI Ray Brook from "local jails and holding facilities." Dkt. No. 9 at ¶¶ 7-8. The complaint also notes that (1) Plaintiff tested negative for COVID-19 when he entered FCI Ray Brook; (2) the hold-over prisoners began to arrive at FCI Ray Brook in "Fall 2020"; and (3) Plaintiff was infected with COVID in "December 2020." *Id.* at ¶ 7. Taken together, these allegations are sufficient enough to "allow[] the court to draw the reasonable inference" that Plaintiff contracted COVID-19 as a result of the BOP's alleged breach of its duty to protect Plaintiff from unreasonable risks. *Iqbal*, 556 U.S. at 678; *see also Ates v. United States*, No. 2:21-CV-00418, 2023 WL 1765991, *8 (S.D. Ind. Feb. 2, 2023); *Kantrow v. Celebrity Cruises* Inc., 533 F. Supp. 3d 1203, 1222 (S.D. Fla. 2021).

Although Defendants identify other possibilities for how Plaintiff could have contracted COVID-19 "notwithstanding the diligent efforts of staff following mitigation measures," those possibilities do not preclude a finding that Plaintiff has adequately alleged causation. *See Red*, 2022 WL 1266739, at *7 ("[A] plaintiff need not ... 'eliminate all other possible causes' for an accident other than the defendant's negligence") (quoting *Williams v. KFC Nat. Mgmt. Co.*, 391 F.3d 411, 420 (2d Cir. 2004)). Similarly, Plaintiff need not identify the specific individuals who exposed him to COVID-19 in order to state a claim of negligence. *See id.* at *7 ("A plaintiff is 'not required to prove the exact nature of defendant's negligence'") (quoting *Schneider*, 67 N.Y.2d at 745).

Accordingly, the Court concludes that Magistrate Judge Lovric correctly denied Defendants' motion to dismiss Plaintiff's FTCA negligence claim.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, Magistrate Judge Lovric's Order and Report-Recommendation, Defendants' objections and the applicable law, and for the reasons stated above, the Court hereby

**ORDERS** that Magistrate Judge Lovric's February 9, 2023, Order and Report-Recommendation is **ADOPTED in part** and **REJECTED in part** for the reasons stated herein; and the Court further

**ORDERS** that Defendants' motion to dismiss and for summary judgment (Dkt. No. 37) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 9) is **DISMISSED** to the extent that it (1) asserts a *Bivens* claim against Defendant Pederson in her individual and official capacities and (2) asserts an FTCA claim for medical malpractice against Defendant United States;[3] and the Court further

**ORDERS** that **Defendant Pederson** is **DISMISSED** from this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: March 27, 2023
   Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] As a result of this Memorandum-Decision and Order, Plaintiff's only remaining claim is his FTCA claim for negligence against Defendant United States.