UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA G. STEGEMANN,

                             **Plaintiff,**

  vs.                                                  9:21-CV-00949

UNITED STATES OF AMERICA,                        (MAD/ML)

                             **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**JOSHUA G. STEGEMANN**
20552-052
Butner Low Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 999
Butner, North Carolina 27509
Plaintiff, *Pro Se*

**OFFICE OF THE UNITED STATES**         **EMER M. STACK, AUSA**
**ATTORNEY - SYRACUSE**
100 South Clinton Street, Suite 900
Syracuse, New York 13261
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On August 23, 2021, *pro se* Plaintiff Joshua G. Stegemann commenced this action against Defendants United States of America ("Defendant" or "the United States") and Pamela C. Pederson ("Ms. Pederson") asserting negligence and medical malpractice claims under the Federal Tort Claims Act ("FTCA") and deliberate indifference claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).  *See* Dkt. No. 1. In a March 27, 2023, Memorandum-Decision and Order, this Court adopted in part and rejected in

part a February 9, 2023, Order and Report-Recommendation issued by Magistrate Judge Miroslav Lovric. *See* Dkt. Nos. 51, 56. The March 27, 2023, Memorandum-Decision and Order dismissed Plaintiff's amended complaint, *see* Dkt. No. 9, to the extent that it "(1) assert[ed] a *Bivens* claim against [Ms.] Pederson in her individual and official capacities and (2) assert[ed] an FTCA claim for medical malpractice against Defendant United States," Dkt. No. 56 at 14. As a result, Ms. Pederson was dismissed from this action and Plaintiff's only remaining claim is his FTCA claim for negligence against the United States. *See id.* at 14 & n.3.[1]

On March 22, 2024, Defendant moved to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 56 of the Federal Rules of Civil Procedure. *See* Dkt. No. 88. In an October 29, 2024, Report and Recommendation ("the R&R"), Magistrate Judge Lovric recommended that the amended complaint be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), based upon the FTCA's discretionary function exception. *See* Dkt. No. 102 at 25-31. On November 12, 2024, Plaintiff filed objections to the R&R, *see* Dkt. No. 103, and, on November 22, 2024, Defendant filed a

---

[1] In the February 9, 2023, Order and Report-Recommendation, Magistrate Judge Lovric recommended denying dismissal pursuant to Rule 12(b)(1) without prejudice to renew because, at the time the motion to dismiss was filed, the Court was unable to determine whether the FTCA's discretionary function exception applied. *See* Dkt. No. 51 at 27-28; *see also Farmer v. United States*, No. 21-CV-2572, 2022 WL 4180995, *4 (D.S.C. Mar. 24, 2022) (recommending denial of the defendant's motion to dismiss without prejudice because, on the record before the court, the court was unable "to determine whether" the Federal Bureau of Prisons ("BOP") memoranda "establishing 'Action Plans' for federal prisons on how to manage the COVID-19 pandemic . . . represent official policy of the BOP such that prison officials lacked the discretion to take different actions, whether the memoranda were mere guidance to federal prison officials, or whether FCI-Williamsburg adopted or adhered to the memoranda"), *report and recommendation adopted by*, 2022 WL 3500363 (D.S.C. Aug. 18, 2022). Now, with a developed record, Defendant renews its motion to dismiss pursuant to Rule 12(b)(1) and moves for summary judgment pursuant to Rule 56. *See* Dkt. No. 88.

2

response thereto, *see* Dkt. No. 104.[2] For the reasons set forth below, the R&R is adopted as modified by this Memorandum-Decision and Order.

## II. BACKGROUND

For a complete recitation of the relevant background, the parties are referred to the R&R. *See* Dkt. No. 102 at 2-22.

## III. DISCUSSION

---

[2] On December 16, 2024, nearly one-month after Defendant's response, Plaintiff filed a "reply" in support of his objections to the R&R. *See* Dkt. No. 106. Such filing was improper as Plaintiff did not seek leave to file a reply and the Local Rules explicitly state that "[t]he objecting party may not file a reply." N.D.N.Y. L.R. 72.1(c). Due to Plaintiff's *pro se* status, the Court has considered the argument contained in Plaintiff's reply filing, but the Court rejects such argument for the following reasons. Plaintiff argues that a judicially created exception to the FTCA's discretionary function exception applies—the so-called "negligent guard theory." Dkt. No. 106 at 1 (citing *Schulte v. United States*, No. 21-CV-4042, 2023 WL 2162320, *4 (S.D.N.Y. Feb. 22, 2023)). The negligent guard theory is an "exception to the exception" and "provides that the discretionary function exception does not extend to a jail or prison guard's 'lazy or careless failure to perform his or her discretionary duties.'" *Schulte*, 2023 WL 2162320 at *4. However, Plaintiff never attributed Defendant's actions to laziness or careless failure in his amended complaint, his opposition to Defendant's motion to dismiss, nor his opposition to Defendant's motion for summary judgment—his theory is that COVID precautions and procedures were ignored for financial reasons. *See* Dkt. No. 9 at ¶ 7; Dkt. No. 42 at 6-7 ("'It costs money. That's the only thing I can think of. *There is no other explanation other than money*'") (quotation omitted) (emphasis added); Dkt. No. 92 at 5 ("In this case, FCI-Ray Brook was issued strict mandates on how to protect its prisoners from COVID infection . . . . They had to ensure there was a negative COVID test prior to transfer in, and they had to ensure a negative test, qurantine [sic], and secondary negative commercial [sic] test prior to co-mingling new arrivals with prisoners already confined. They did not do that and it boils down to the bottom line: 'It costs money'") (citation omitted). Plaintiff's new theory, mentioned for the first time in a procedurally improper reply in support of his objections to the R&R, cannot be deemed an objection to the R&R. *See Franco v. Am. Airlines, Inc.*, No. 21-CV-5918, 2024 WL 4524614, *1 (S.D.N.Y. Oct. 18, 2024) ("'[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all'") (quotation omitted). Additionally, the Court is aware of no court that has considered the so-called negligent guard theory in the context of the BOP's COVID guidance—ostensibly because the exception to the exception is likely inapplicable to matters such as this, where the BOP's nation-wide guidelines are contested and not discrete actions or failures to act by individual guards. *See* Dkt. No. 88 at 20-21 & n.4 (collecting dozens of cases applying the discretionary function exception to the BOP's COVID guidance, none of which mention or apply the negligent guard theory). Thus, Plaintiff's newly minted argument based upon the negligent guard theory is rejected.

A.     **Legal Standards**

*1. Review of the R&R*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the Court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the [C]ourt may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

*2. Dismissal for Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint where the Court lacks subject matter jurisdiction. "It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "[A] case may be properly dismissed for lack of subject matter jurisdiction . . . where a district court lacks statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction. *See id.* The plaintiff bears the" burden of proving [subject matter jurisdiction] by a preponderance of the evidence." *Id.*(citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). When evaluating a motion to dismiss pursuant to Rule 12(b)(1), the district court must resolve all ambiguities and draw all inferences in favor of the plaintiff. *See*

4

*Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

Where a defendant proffers evidence beyond the pleadings in challenging subject matter jurisdiction, that defendant is said to have made a fact-based challenge, as opposed to a facial challenge. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016). "A court reviewing a Rule 12(b)(1) motion . . . can look to evidence outside the pleadings, including affidavits, to resolve disputed jurisdictional facts." *Glob. Art Exhibitions, Inc. v. Kuhn & Bulow Italia Versicherungsmakler GmbH*, No. 20-CV-1395, 2022 WL 2159823, *3 (S.D.N.Y. June 15, 2022) (citing *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).

### 3. Summary Judgment

A court may grant a motion for summary judgment only if it "determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the

motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"'Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.'" *Jeffreys v. City of N.Y.*, 426 F.3d 549, 553-54 (2d Cir. 2005) (quotation omitted). "'[M]ere speculation and conjecture,'" *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 315 (2d Cir. 1997) (quotation omitted), or the "mere existence of a scintilla of evidence in support of the [non-movant's] position," *Anderson*, 477 U.S. at 252, are insufficient to defeat summary judgment; "there must be evidence on which a jury could reasonably find for the [non-movant]," *id.* "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' . . . and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Jeffreys*, 426 F.3d at 554 (quotations omitted).

### 4. Pro Se Parties

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has directed that district courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Thus,

a "document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B.     Plaintiff's Objections**

Plaintiff asserts two objections to the R&R.  *See* Dkt. No. 103.  First, Plaintiff argues that the discretionary function exception does not apply to his claim because of Defendant's "apathy, i.e., its choice not to test and quarantine its prisoners and U.S. Marshals Detainees in accordance with the contemporary policies, procedures, and guidelines it was bound by."  *Id.* at 1 (citations omitted).  To that end, Plaintiff concedes that Defendant "had some discretion in how it accomplished the directives set forth in the BOP's Nationwide COVID Policy," however, he contends that Defendant "did not have discretion to forgo those directives wholesale."  *Id.* at 2.  Second, Plaintiff objects to the R&R to the extent that it failed to address "[Plaintiff's] affidavit in opposition to the defendant's motion(s)[, which] reiterates that the president of the prison guard's union, Christopher Weldon,[3] blew the whistle on [Defendant's] failure" to abide by the directives at issue, "as well as [Defendant's] fraudulent under-reporting of the severity of the COVID outbreak caused as a result."  *Id.* (citation omitted).

Plaintiff's objections relate to the merits of his claim and not the jurisdictional inquiry conducted by Magistrate Judge Lovric.  Indeed, Plaintiff does not object to the R&R's analysis of the undisputed material facts, and, instead of identifying particular deficiencies in the R&R's application of the discretionary function exception, Plaintiff merely expresses his disagreement

---

[3] It appears that Plaintiff mistakenly refers to James Weldon, president of AFGE CPL 33, Local 2882, as "Christopher" Weldon.  *See* Dkt. No. 42-1 at 18.

with Magistrate Judge Lovric's conclusions, reiterates his negligence allegations, and attempts to relitigate his prior argument that Defendant's failure to conduct COVID-19 testing (because of alleged cost concerns) was negligent. *See* Dkt. No. 103 at 1-3; Dkt. No. 92 at 3-7 (arguing that the discretionary function exception does not apply because Defendant "fail[ed] to abide by mandates to test and quarantine prisoners due to concerns over 'money'").

On the other hand, Plaintiff's second objection is specific. *See* Dkt. No. 103 at 2. Accordingly, this Court conducts a *de novo* review of the issue of whether Magistrate Judge Lovric failed to consider the portion of Plaintiff's affidavit that refers to Mr. Weldon's purported whistle blowing. *See Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 683 (N.D.N.Y. 2015) ("Generally, when a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review") (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)) (emphasis in original). As discussed, Plaintiff's remaining objections are general and, thus, the balance of the R&R is subject to review for clear error. *See id.* at 684 ("[W]hen an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review") (emphasis in original).

**C.    Analysis**

Magistrate Judge Lovric conducted a review of the summary judgment record and found no genuine disputes of fact precluded dismissal based upon lack of subject matter jurisdiction. *See* Dkt. No. 102 at 5-30.

***1. Plaintiff's Specific Objection***

As discussed, Plaintiff has asserted one specific objection to the R&R: that Magistrate Judge Lovric failed to consider the portion of Plaintiff's affidavit that references statements made by Mr. Weldon regarding FCI Ray Brook's inaccurate reporting of COVID-19 case numbers and failures to adequately test inmates. *See* Dkt. No. 103 at 2. *De novo* review of the R&R reveals that Plaintiff is mistaken.

Magistrate Judge Lovric analyzed the summary judgment record thoroughly. Although Mr. Weldon is not specifically referred to therein, the R&R analyzes and rejects the portions of Plaintiff's affidavit and response to Defendant's statement of material facts that rely, in part, upon the information Mr. Weldon relayed to the news publication the Adirondack Daily Enterprise. *See* Dkt. No. 102 at 6-8 n.1-15 (stating that "Plaintiff disputes th[ese] fact[s] because he asserts that FCI Ray Brook failed to comply with the Action Plan . . . . However, that does not contradict the fact[s] asserted here") (citing Dkt. No. 92 at 10-11); *id.* at 9-13 n. 16-31 (analyzing Plaintiff's denial of asserted facts regarding whether Defendant complied with BOP guidance and rejecting such denials because "Plaintiff's attempt to place th[ese] asserted fact[s] in context is inappropriate") (citations omitted). The R&R painstakingly analyzes Plaintiff's denials of material facts propounded by Defendant and provides reasons as to why such denials are inadequate. *See* Dkt. No. 102 at 5-22.

This Court has analyzed each of the asserted material facts and the denial thereto, and reaches the same conclusions, for the same reasons, as Magistrate Judge Lovric. Accordingly, after conducting a careful *de novo* review of the record and Magistrate Judge Lovric's analysis and conclusions, the Court finds no error. Plaintiff's specific objection is rejected.

**2. *Plaintiff's General Objections***

As for the balance of the R&R, the Court finds no clear error in Magistrate Judge Lovric's recommendation that the FTCA's discretionary function exception applies and, therefore, the Court lacks subject matter jurisdiction over Plaintiff's claim. However, the Court modifies the R&R to the extent that it grants dismissal pursuant to Rule 12(b)(1) and, instead, grants summary judgment to Defendant, for lack of subject matter jurisdiction. *See Lugo v. City of Troy*, 114 F.4th 80, 88-89 (2d Cir. 2024) (finding procedural error where district court granted dismissal pursuant to Rule 12(b)(1) after discovery, instead of applying the standards applicable to summary judgment).

Magistrate Judge Lovric conducted a full analysis of the summary judgment record, which contained, among other things, evidence of Defendant's COVID-19 response, the nine phases of BOP guidance related thereto, and the operations at FCI Ray Brook during the relevant time period. *See* Dkt. No. 102 at 5-22. The Court finds no clear error in Magistrate Judge Lovric's conclusion, based upon the relevant undisputed record evidence, that the discretionary function exception applies to Plaintiff's negligence claim and, thus, the Court lacks subject matter jurisdiction. *See id.* at 25-30.

Indeed, "'[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016) (alteration in original) (quotation omitted). "[T]he plaintiff bears the burden of establishing that [his] claims fall within an applicable waiver" of sovereign immunity. *Makarova*, 201 F.3d at 113.

Plaintiff's negligence claim is brought pursuant to the FTCA. *See* Dkt. No. 9. The FTCA contains a waiver of sovereign immunity; however, such waiver is subject to numerous exceptions and limitations, including the discretionary function exception. *See* 28 U.S.C. §

2680(a) (stating that the United States expressly declines to be sued "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved [was] abused"). As Magistrate Judge Lovric correctly notes, many district courts have held that the discretionary function exception bars FTCA claims that stem from the BOP's response to the COVID-19 pandemic. *See* Dkt. No. 102 at 28 (citing Dkt. No. 88-1 at 22-23 (collecting cases)); *see also* Dkt. No. 104 at 4 (collecting cases). The Court finds no clear error in the R&R's analysis and application of the discretionary function exception to Plaintiff's FTCA claim, based upon the summary judgment record. *See* Dkt. No. 102 at 25-30.

## IV. CONCLUSION

After carefully reviewing the R&R, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's R&R (Dkt. No. 102) is **ADOPTED as modified** by this Memorandum-Order and Decision; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 88) is **GRANTED** and this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 20, 2024
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge